ORDER OF DENIAL
¶ 1 This matter came before the Fort Peck Appellate Court on a CONTINUING OBJECTION; MOTION FOR RECONSIDERATION; MOTION FOR SUSPENSION OF THE RULES; WITH BRIEF, filed February 26, 2016 by Lay Advocate Sharon Avery on behalf of Petitioner Austin Stanley.
¶ 2 A review of this Court’s record reflects that Lay Advocate Avery failed to remit the appellate docket fee or seek permission from this Court to proceed without the fee based on the fact that the party she represents is indigent as required by tribal law.
¶ 3 The Fort Peck Tribes Comprehensive Code of Justice Title 2 Chapter 2 Section 207 governs procedure on decision for review in civil cases. The matter Avery attempted to file with this Court is not a criminal case.
¶ 4 Section 207 states:
“(d) Docket fee and bond. The petition for review shall be accompanied by a docket fee of fifty dollars ($50.00) and a bond to be set by the Court. The maximum amount of the bond is fifty dollars ($50.00). The Court may waive or reduce the bond and the docket fee if it finds that the appellant is indigent.”
2 CCOJ Ch. 2 § 207.
¶ 5 The requirement that parties seeking appeal in civil cases pay a $50.00 filing fee is found within Tribal law. A *463 party to a civil matter seeking appellate review must either: 1) pay the $50.00 fee or 2) apply to this Court for permission to proceed without the fee. The option to proceed without paying a docket fee is reserved for parties who are indigent. Permission to proceed without the fee must be obtained from this Court in advance.
¶ 6 Here, Lay Advocate Avery failed to pay the fee or seek permission to proceed without paying the fee because her client, Austin Stanley, was indigent.
¶7 Given Advocate Avery’s failure to pay the fee or seek permission to proceed without paying the fee based on indigency; failure to file any appropriate notice of appeal; the lack of compliance with the applicable rules regarding a motion to reconsider; and the lack of clarity regarding the issues and the applicable law involved in this matter, Defendant/Petitioner’s motion for reconsideration is DENIED.
¶ 8 The Court has previously strongly encouraged Advocate Avery to review and follow the various provisions of the Tribal code relating to the appeal process and to techniques in order to competently represent individuals at all stages associated with the tribal justice process. The Court is troubled by the quality of representation reflected in various filings by Advocate Avery with this Court. If Advocate Avery wishes to competently represent clients in this Court system she must review and follow Tribal Code requirements. Her failure to take the necessary steps to effectively represent her clients may result in this Court evaluating her fitness to represent clients.
SO ORDERED.